UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARCELINO GARRIDO and YELBA GARRIDO,

                      Plaintiffs,                **COMPLAINT**

  -against-

                                                          PLAINTIFFS DEMAND
THE CITY OF NEW YORK, POLICE OFFICER      TRIAL BY JURY
DANIEL WICK, Shield # 12621, POLICE OFFICERS
JANE/JOHN DOE(S) #S 1-10,

                      Defendants.
------------------------------------------------------------X

       Plaintiffs MARCELINO GARRIDO and YELBA GARRIDO, for their complaint, by their attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiffs MARCELINO GARRIDO (hereinafter "MARCELINO") and YELBA GARRIDO (hereinafter "YELBA") seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It is alleged that Defendants falsely arrested with excessive force MARCELINO, and seized YELBA's property in violation of her constitutional rights. As a result of the excessive force used by Defendants, MARCELINO suffered physical and mental injuries.

## II. PARTIES

2.     Plaintiffs at all times relevant hereto resided in Reading, PA.

3.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant POLICE OFFICER DANIEL WICK, Shield #12621 (hereinafter "WICK") was a NYPD police officers, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. WICK is sued in his official and individual capacity.

5. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### III. FACTS

7. On or about February 11, 2014, at approximately 10:30 a.m., MARCELINO was driving a white, 2008 Mitsubishi truck owned by YELBA at or near the intersection of 21st Street and 38th Avenue in Long Island City, NY.

8. A patrol vehicle, driven by defendants, including but not limited to WICK, stopped MARCELINO. Defendant WICK approached the vehicle MARCELINO was driving.

9. Defendant WICK assaulted MARCELINO and insulted MARCELINO using derogatory and racial slurs.

10. Defendant WICK issued MARCELINO multiple summonses, including a Summons for Driving in a No Truck Zone and driving without a license.

11. MARCELINO was taken to Elmhurst Hospital by ambulance.

12. YELBA's vehicle was unlawfully seized and impounded. MARCELINO used the vehicle for his business and was not able to earn a living following the seizure of the vehicle. The vehicle was never returned to YELBA or MARCELINO.

13. Neither YELBA or MARCELINO received notice of the seizure of the vehicle of instructions as to how to contest the seizure.

14. On the 21st day of April, 2014, MARCELINO's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### IV. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

16. Paragraphs 1 through 15 of this complaint are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of MARCELINO nor legal cause or excuse to seize and/or detain him.

3

18. That in detaining MARCELINO without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. MARCELINO was but one of those persons.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MARCELINO's rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MARCELINO's rights, subjected MARCELINO to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## V. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That the seizures, detentions and imprisonments of MARCELINO were unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

26. That Defendants intended to confine MARCELINO.

27. That MARCELINO was conscious of the confinement and did not consent to it.

28. That the confinements were not otherwise privileged.

29. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of MARCELINO's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

30. That by reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That Defendants had no legal cause or reason to use excessive force in effectuating MARCELINO's arrest.

34. That Defendants violated MARCELINO's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

35. That at the time of the arrest or while in custody, MARCELINO did not pose a threat to the safety of the arresting officers.

36. That MARCELINO was not actively resisting arrest or attempting to evade arrest.

37. That defendant CITY, through its officers, agents, and employees, unlawfully subjected MARCELINO to excessive force while effectuating his arrest.

38. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of MARCELINO's rights, subjected MARCELINO to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of MARCELINO's civil rights, including but not limited to the right to be free from the application of excessive force.

41. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

42. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

43. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MARCELINO's rights alleged herein.

45. By reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. FOURTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That Defendants failed to intervene when Defendants knew or should have known that MARCELINO's constitutional rights were being violated.

48. That Defendants had a realistic opportunity to intervene on behalf of MARCELINO, whose constitutional rights were being violated in their presence.

49. That a reasonable person in the Defendants' position would know that MARCELINO's constitutional rights were being violated.

50. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MARCELINO's rights, deprived MARCELINO of his liberty when they failed to

intervene to protect him from Defendants' use of excessive force, in violation of MARCELINO's rights pursuant to Fourteenth Amendment of the United States Constitution.

51. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, MARCELINO was not protected from Defendants' unconstitutional actions.

52. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

53. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of MARCELINO's rights alleged herein.

55. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

56. That by reason of the foregoing, MARCELINO suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees,

damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

59. That at all times Defendants were acting within the scope of their employment.

60. That Defendant CITY was able to exercise control over Defendants activities.

61. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. SIXTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

62. Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63. That Defendants intended to cause harmful bodily contact to MARCELINO.

64. That defendant Defendants, in a hostile manner, voluntarily caused MARCELINO'S injuries.

65. That Defendants' contact with MARCELINO constituted a battery in violation of the laws of the State of New York.

66. That by reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SEVENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION)

67. Paragraphs 1 through 66 of this complaint are hereby realleged and incorporated by reference herein.

68. That Defendants unlawfully confiscated the vehicle and the possessions contained therein and continue to maintain possession of these items.

69. That Defendants did not provide notice that the vehicle was confiscated or inform YELBA or MARCELINO as to how to obtain the property.

70. That Defendants did not provide an opportunity to be heard to YELBA or MARCELINO following the seizure of her vehicle.

71. That said confiscation constituted a seizure of YELBA and MARCELINO's private property.

72. That YELBA and MARCELINO was deprived of her personal property without being afforded notice or any procedural means with which to regain her property.

73. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of YELBA and MARCELINO's rights, seized YELBA and MARCELINO's personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

74. Defendant CITY continues to maintain possession of these items, including the vehicle.

75. YELBA and MARCELINO have been deprived of the full value of her belongings and vehicle without due process of law or just compensation.

## XI. EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

76. Paragraphs 1 through 75 of this complaint are hereby realleged and incorporated by reference herein.

77. That Defendants stopping MARCELINO and seizing YELBA's vehicle constituted a seizure.

78. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain MARCELINO.

79. That in detaining MARCELINO without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. MARCELINO was but one of those persons.

80. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

81. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

82. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MARCELINO's rights alleged herein.

83. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MARCELINO's rights, subjected MARCELINO to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

84. By reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## XII. NINTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL INVESTIGATORY DETENTION)

85. Paragraphs 1 through 84 are hereby realleged and incorporated by reference herein.

86. That Defendants stopping MARCELINO and seizing YELBA's vehicle constituted a seizure.

87. That the seizure of MARCELINO was unlawful in that Defendants had no reasonable suspicion to detain him.

88. That Defendants lacked reasonable suspicion that MARCELINO committed a crime or was about to commit a crime.

89. That MARCELINO actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

90. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of MARCELINO's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

91.  That by reason of the foregoing, MARCELINO suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to their reputations, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and companionship.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiffs interest from February 11, 2014 and
4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and
5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         January 6, 2015

_____
DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

13